# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

AMY THOMAS, et al.                                                                    PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 3:13-cv-109-MPM-JMV

FIREROCK PRODUCTS, LLC, et al.                                                       DEFENDANTS

## ORDER

This matter is before the court on Defendants' Motion to Strike Plaintiffs' Expert, Prof. Kirk Rosenhan [104]. Upon due consideration of the motion and the applicable law, the motion will be denied for the reasons discussed below.

This action was filed in this court on April 25, 2013, and was thereafter placed on a typical procedural track: the Plaintiffs' expert designations were due on March 24, 2014; Defendants' expert designations were due on April 25, 2014; and the discovery deadline was set for June 25, 2014. The trial was to follow on January 12, 2015. At the case management conference, the undersigned magistrate judge specifically informed counsel for Plaintiffs and Defendants she has no discretion to move a dispositive motions ("motions") deadline within four months of an assigned trial date. Moreover, the local rules expressly prohibit the parties from informally extending discovery deadlines – consent of the court must be obtained. *See* L. U. Civ. R. 26(b)(3) (2013). On March 21, 2014, Plaintiffs filed an unopposed motion to extend the case management deadlines but in a fashion that would offend the four month rule. To accommodate the parties to the extent it could and refrain from violating the four month rule, the court entered the following new deadlines: the Plaintiffs' expert designations were due on May 22, 2014; Defendants' expert designations were due on June 23, 2014; and the discovery deadline was set for August 22, 2014. Thereafter, District Judge Michael Mills recused himself from the case,

the court reassigned the case to District Judge Debra Brown, and the trial was reset for February 9, 2015.

Without consent of the court, the parties agreed to two additional extensions of time for the Plaintiffs to first file and then supplement their Designation of Experts. The first unauthorized extension of time occurred on May 21, 2014, when counsel agreed Plaintiffs would file their expert report on May 30, 2014. In return, Defendants procured an agreement to defer its date to file its expert report to June 30, 2014. The second unauthorized extension occurred on June 2, 2014. On that date, Defendants itemized various deficiencies with the May 30 Plaintiffs' expert report and allowed Plaintiffs to supplement their May 30, 2014, report by June 5, 2014. On June 5, 2014, Plaintiffs asked for another extension, until June 10, to supplement the report. Defendants declined to allow this third "informal" extension and filed the instant Motion to Strike on the same day. By June 19, 2014, Plaintiffs had, by way of supplementation to the May 30, 2014, report, provided a list of articles authored by Prof. Rosenhan, the cases he has worked on as an expert, and his fee schedule.

The Fifth Circuit holds, "The district court's decision 'to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010) (internal citation omitted). It reviews exclusions of untimely designated experts for abuse of discretion and considers four factors when reviewing the trial court's decision. *Id.* They are: (1) the explanation for the failure to [to submit the expert report]; (2) the importance of [the report]; (3) potential prejudice in allowing [the report]; and (4) the availability of a continuance to cure such prejudice. *Id.; see also Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (internal citation omitted).

The court will address each factor set forth by the Fifth Circuit in turn. First, Plaintiffs' excuse for failing to submit a timely, Rule 26 abiding expert report is weak. From what the court deciphers in counsels' emails, Plaintiffs blame their tardiness on Prof. Rosenhan's commitments in teaching a "May-mester" class at Mississippi State University. However, because Defendants agreed to the May 30 filing of the report and further arranged their own report to be late as well, the court is not persuaded this factor necessitates striking the May 30 report for tardiness.

Regarding the second factor, experience dictates that expert testimony regarding the existence of a product defect, its nature, and its cause would be useful, if not necessary, in this type of case. However, the court is cautious to add whether Prof. Rosenhan's particular expert opinions will be admissible in this case is a different matter altogether and an issue for the district judge to resolve.

In regard to the fourth factor, a motion to continue trial has not been filed by any party at this point in the litigation.[1]

The third factor appears to be the most significant and helpful in resolving the instant matter. Defendants assert they will be unfairly prejudiced if Prof. Rosenhan's report is not stricken because his May 30 designation does not contain the asserted basis and reasons, or facts and data, on which each opinion he offers are based. Until recently, his report did not contain his publications and cases and fee schedule. Without the timely disclosure of this information, Defendants contend they cannot responsibly retain their own expert(s) in defense and designate them by the June 30 agreed deadline. Plaintiffs' counsel counters that the May 30 report contains all of Prof. Rosenhan's opinions ("…the report is substantively complete…") and, by way of supplementation on June 19, now contains the required publications, cases and fee information. *See* Pl.'s Resp. to Def.'s Mot. to Strike at 4. Based on Plaintiffs' counsel's

---

[1] In view of the extensions of the deadlines described *infra*, the availability of a trial continuance at this juncture is moot.

representation that the May 30 report is substantively complete, the undersigned – without commenting on the admissibility of the proposed opinions – will accept and hold Plaintiffs to that representation. Prof. Rosenhan will not be permitted, by way of designation, to offer any substantively new or different opinions. Even still, the report does not delineate each such opinion's basis and reasons upon which the expert relies in formulating it or the facts and data the expert relied upon in forming it pursuant to Rule 26. Nevertheless, the court is able to fashion a means for allowing this supplementation without undue prejudice to the Defendants. Any potential prejudice to Defendants by Plaintiffs' failure to timely provide the reasons and basis and facts and data for Prof. Rosenhan's opinions can be cured by putting Defendants in the same place they would have been had Plaintiffs timely made a Rule 26 designation on May 30. Prof. Rosenhan will be required to provide this information as a supplement to the May 30 report no later than 5pm on June 27, 2014.[2] Defendants will then have until July 28, 2014, to designate their experts. Further, considering the new trial date assigned by Judge Brown, the court extends the remaining deadlines as follows and in compliance with the four-month rule: Discovery is now due September 22, 2014; and Motions are now due October 9, 2014.

For the reasons stated above, the court finds Plaintiffs' Motion to Strike not well taken and should not be granted. This Order is entered without prejudice to any parties' right to file, after June 27, 2014, a further timely motion to strike for continued non-compliance with Rule 26. The court's instant ruling only addresses the issue of the Motion to Strike based on the untimely filing of the expert report – not the admissibility of the opinions contained therein. That issue, if any, would need to be addressed by the district judge in a *Daubert*-type motion.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Strike is hereby **DENIED**. Plaintiffs shall be allowed until 5pm on June 27, 2014, to provide the Rule 26

---

[2] Presumably, Prof. Rosenhan has this information readily available since he has already formulated his opinions.

required information.  Defendants' Designation of Experts is now due July 28, 2014; Discovery is now due September 22, 2014; Motions are now due October 9, 2014.

**SO ORDERED**, this the 25th day of June, 2014.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**