**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| AMY THOMAS; JOHN THOMAS; CAROLE MURPHEY; and SMITH MURPHEY | **PLAINTIFFS** |
| V. | NO. 3:13-CV-00109-DMB-JMV |
| FIREROCK PRODUCTS, LLC; and GENERAL SHALE BRICK, INC. | **DEFENDANTS** |

## ORDER STRIKING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 7(b)(5), a "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages."

To date, Defendant Fire Rock Products has filed seven motions for partial summary judgment. Docs. #71, #86, #99, #145, #187, #191, #195. Taken together, the memorandum briefs, statements of material facts,[1] and reply briefs, filed in support of Fire Rock Products' motions for partial summary judgment exceed sixty pages.

Defendant General Shale Brick, in turn, has filed three motions for partial summary judgment. Docs. #78, #114, #116. Taken together, the memorandum briefs, statements of material facts, and reply briefs, filed in support of General Shale Brick's motions for partial summary judgment exceed fifty pages. Neither Defendant has sought leave of this Court to exceed the page limit set by Local Rule 7(b)(5).

Page limits are "circumvented when a party distributes its separate but related contentions and legal challenges over several dispositive motions, each of which is accompanied by a brief

---

[1] The Local Rules of this Court do not provide for the filing of a separate statement of material facts in support of a motion for summary judgment.

that approaches the … page limit." *Welker Bearing Co. v. PHD, Inc.*, No. 06-13345, 2007 WL 1647878, at *1 (E.D. Mich. June 4, 2007);[2] *see also Rainbow Nails Enters., Inc. v. Maybelline, Inc.*, 93 F. Supp. 2d 808, 810 n.1 (E.D. Mich. 2000) (noting that "filing [of] separate motions addressing only certain counts of Plaintiff's Complaint" was effort "to create the illusion of compliance with the Local Rules"). Where a party seeks to circumvent a page-limit by filing multiple dispositive motions, the proper course is to strike the motions and direct the filing of "a single consolidated motion and brief in support, combining all … arguments in a single filing." *PHD, Inc.*, 2007 WL 1647878, at *1. This practice is justified by the fact that "a single filing, even if somewhat over the … page limit, is vastly preferable to a profligacy of motions-which … invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits." *Id*.

Accordingly, the Court will **STRIKE** all pending motions for summary judgment [71, 78, 86, 99, 114, 116, 145, 187, 191, 195]. The defendants shall each have **twenty-one (21)** days from the entry of this order to file one motion for summary judgment per party. Plaintiffs shall have fourteen days to respond to each motion for summary judgment. Defendants shall have ten days to reply to each response.

In submitting their documents, the parties shall be granted leave to exceed the relevant page limits by five pages each. Accordingly, each defendant may submit up to forty pages of briefing in support of their motions for summary judgment. Likewise, Plaintiff may submit

---

[2] The Eastern District of Michigan's Local Rules expressly prohibit "[a]ttempts to circumvent the [local rule] in any way." E.D. Mich. LR 7.1. While the Local Rules of this Court do not contain a similar express prohibition, the Court concludes that the page-limit requirement of this jurisdiction implicitly prohibits attempts to circumvent its mandate. To hold otherwise and allow for the filing of unlimited piece-meal motions would be to eviscerate the stated purpose of the Local Rules to "make a fair and <u>efficient</u> court system …." L.U. Civ. R. 1(c) (emphasis added).

memorandum briefs, up to forty pages in length each, in opposition to each motion for summary judgment.

SO ORDERED, this the 14th day of October, 2014.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**